MENKE v MENKE
MENKE v RYAN
MENKE v WAGENER
(3 Cases)

Ohio Appeals, 1st Dist, Hamilton Co

Nos 5105, 5106 & 5110. Decided Oct 13, 1936

John A. Scanlon, Cincinnati, and Edwin G. Becker, Cincinnati, for appellant.

A. J. Freiberg, Cincinnati, J. Paul Geoghegan, Cincinnati, and Jerome Goldman, Cincinnati, for appellees.

## OPINION

By ROSS, PJ.

These cases involving identical questions were consolidated and tried together in the Common Pleas Court of Hamilton County, from which appeals on questions of law are taken to this court.

For a preliminary statement of facts reference is made to Menke v Oil Co., 47 Oh Ap 180, (16 Abs 440). These cases must be considered as initiating as of the date of the judgments in the former proceeding.

The judgment of this court on appeal dismissed the petition of the plaintiff in that case, and upon the cross-petitions of the new appellees ordered the appellant to transfer certain stock in the Gold Medal Oil Company to the appellees upon the payment within 60 days of $110 for each share of stock.

It appears from the record in this case that the appellees never availed themselves of the decree for specific performance of the contract with the appellant.

The instant proceedings were actions at law brought by the appellant for the value of the stock fixed in the decree of this court.

The contract upon which the decree was predicated is as follows:

"It is agreed by the holder of the within shares of stock, and his heirs and assigns, that he will not dispose of any of the shares called for by this certificate without first offering the same, upon thirty days notice, to the other stockholders of the company of the same class, to each, that number of shares of those called for by this certificate which is proportional to the number of shares of the stock of the same class already held by said other stockholders, and that upon the death of the certificate holder the shares shall first be offered to the remaining stockholders in proportion to the number of shares of common stock of the same class held by each, all on the basis of the book value of the share. In case there is any disagreement as to the book value, the matter is to be resolved by arbitration, each side of the controversy appointing one member, and the two so appointed, in case of disagreement, to select a third."

Each stock certificate issued by the corporation bore upon it the terms of this agreement.

The mutuality of obligation permitting specific performance therefore, lay in the liability of each stockholder to extend to every other stockholder the privilege of purchase.

The appellees having exercised the privilege extended to them under the terms of the agreement, the appellant was bound to convey the stock to them, and this she was ordered to do.

But the appellees, for reasons best known to themselves, now say that although we exercised our option to require the appellant to convey the stock to us and asserted such right in the previous action as well as a violation of such right, in that the appellant refused to so convey, no right now exists in the appellant to require us

to proceed, to do that which we insisted we wished to do, to-wit: purchase the stock. These defenses of the several appellees in the instant case are predicated solely upon the basis that the exercise of the options placed no responsibility upon those taking the position of forcing compliance to continue through with performance on their side of the agreement; which became such when the option was exercised.

It may be admitted for the purpose of this opinion that this court refused the application of the appellant at the close of the former litigation to also make mandatory the payment of the purchase price of the stock by the appellees. (Such was the case). Such a decree in view of the attitude of resistance in the appellant and the vigorous assertions of rights under the option by the appellees was entirely unnecessary, if not completely absurd. The appellees in their pleadings and evidence stated, we want this stock, we have a right to purchase it. We have demanded it from the appellant and she will not convey it to us. We insist that you order her to give it to us. And when the court grants their request they about face and say, No—we do not want it, and now we do not have to take it. The reasonable and necessary implication is that the decree is adverse to such a position.

None of the parties was required to take advantage of the option, but having done so they cannot retreat from a position which was effective to materially change the status of the appellant. The moment the decree of this court was entered, the appellant was bound to hold the stock subject to delivery to the appellees. She could not sell or convey to another. The status of the corporation was rapidly changing.

It is claimed, however, that she was only so bound for a period of sixty days. Such is not the case. The appellees were given sixty days to do that which they had previously asserted they were anxious and willing to do, and that which they had demanded the right to do. At the end of such period, the appellant would have been privileged to recede from the position of compliance in which she had been put by the decree of the court, but having been so restricted for this period, she had a further right to insist that the appellees be consistent and take the stock and pay for the same. This was not specifically ordered by the former decree. However, a right was created in the appellant brought into

existence by the natural, reasonable, necessary, and fair implications from the terms of the decree. It is the violation of this right so created she is now asserting in the instant actions, wherein she asks to be paid for the agreed value of the stock she was ordered to sell.

The decree of this court was effective to create as to the appellant-an obligation and right. It was as effective as if the appellant and appellees had entered into a new contract to sell and buy the stock at an agreed price. The appellees claim, however, that they in the actions of law, now presented, are not bound to pay such agreed price. They contend the stock is now worthless and, therefore, appellant may receive nothing.

May they here and now assert their failure to carry out the agreement which they so stoutly maintained existed as an acquittance of any real liability? The failure of the appellant to prove any value of the stock other than the agreed value mentioned in our former decree might be asserted as a valid limitation upon her recovery had the stock increased in value, but her damages cannot be less than they were at any time since the decree took effect. It is a strange claim that, I need pay you nothing because that which I agreed to buy at $110.00 at a certain date is now worthless. This view is consistent with the provisions of the sales act, §8443, GC. If a tender of the stock was necessary the record shows such tender.

Certainly, the appellant indicated to the appellees that she intended to avail herself of the alternatives presented by the decree of the court, to-wit: to consider the option to purchase binding, though payment was not made within the sixty days. There can be no misapprehension from a reading of the record that the appellant at the end of the sixty days clearly advised the appellees of her intention to require performance of the contract to purchase created by the exercise of the option and the legal action to enforce the same, instituted by appellees.

The court erred in instructing verdicts for the appellees.

In the other assignments of error, we find no error, prejudicial to the appellant.

The judgments will be reversed as being contrary to law and the cases remanded for new trials.

MATTHEWS, J, concurs.